NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3306

PAMELA SESSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Pamela Sesson, of Fort Washington, Maryland, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3306

PAMELA SESSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752070205-I-1.

_____

DECIDED: January 14, 2008

_____

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Petitioner Pamela Sesson was removed from her position as an Information Technology Specialist for the Department of the Army. She sought to appeal her removal to the Merit Systems Protection Board, but the Board dismissed her appeal as untimely filed. She now appeals the Board's determination that there was no good cause for the filing delay. We affirm.

I

The Board's regulations require appeals to be filed "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b). When an appeal is filed late, the appeal will be dismissed unless the appellant provides a good reason for the delay. 5 C.F.R. § 1201.22(c) ("If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown."); see also 5 C.F.R. § 1201.12 ("A judge may, for good cause shown, waive a Board regulation"). The Board has identified six factors that it considers in determining whether an appellant has shown good cause that would excuse a filing delay:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180, 184 (1980)). The Board has also specified how an appellant can show good cause when the appellant claims that illness caused the untimely filing. In such case, the appellant must: "(1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time." Lacy v. Dep't of the Navy, 78 M.S.P.R. 434, 437 (1998).

2007-3306                    2

Ms. Sesson received notice of her removal in a decision letter on October 19, 2006, and her removal became effective on October 24, 2006. Seeking review of her removal, she filed an appeal with the Merit Systems Protection Board on December 16, 2006. She also sought review of a "negative suitability determination" and a "failure to restore," and she requested that the Board order the Occupational Safety & Health Administration ("OSHA") to conduct air quality testing at her former workplace. The appeal also included allegations of reprisal for whistleblowing.

Because the deadline for filing the appeal was November 24, 2006, the administrative judge issued an order directing Ms. Sesson to show cause for the delay in filing. The order referenced the factors that the Board considers in determining whether there was good cause for a filing delay. The administrative judge also issued an order to show cause on January 8, 2007, notifying Ms. Sesson of the Board's jurisdictional requirements and ordering her to submit evidence that would establish jurisdiction over her appeal from the negative suitability determination, the failure to restore, and her allegations of reprisal for whistleblowing. The order also informed her that the Board lacks jurisdiction to order OSHA to conduct air quality testing. On January 24, 2007, the administrative judge issued a third order to show cause, explaining the burden for showing good cause for a delay in filing due to illness.

In response, Ms. Sesson submitted medical records that showed that she had a history of medical problems, along with evidence that she had been in a car accident in January 2006. Ms. Sesson also alleged that she misunderstood the agency's decision letter. The letter stated that an appeal to the Board must be filed within 30 days of the

effective date of the removal, but it added that the filing deadline would be extended an additional 30 days if Ms. Sesson and the "agency mutually agree[d] in writing to attempt to resolve their dispute through an alternative dispute resolution process prior to the timely filing of an appeal." Ms. Sesson argued that she believed the 30-day extension applied to her appeal because (1) she requested family support counseling from the agency, (2) the deciding official for her removal agreed to permit her to make an oral reply to the proposal for her removal, and (3) she sent emails to the agency requesting alternative solutions for her return to work before her removal became final.

Reviewing Ms. Sesson's submissions, the administrative judge determined that the factors articulated in Alonzo weighed against a finding of good cause because (1) Ms. Sesson had not alleged the existence of any unusual circumstances during the filing period, (2) the 22-day delay was not minimal, and (3) Ms. Sesson did not provide an explanation that would have established good cause for even a minimal delay. Although the administrative judge determined that Ms. Sesson's medical evidence showed that she suffered from a number of health problems (bronchitis, tooth decay, chronic sinusitis, respiratory problems, and depression), he found that Ms. Sesson had not provided an explanation or any evidence showing that those health problems affected her ability to file her appeal before the deadline. The administrative judge therefore concluded that Ms. Sesson had failed to satisfy the Board's requirements for excusing a filing delay on account of illness.

In reaching that conclusion, the administrative judge did not rely solely on the absence of any connection between Ms. Sesson's medical evidence and the filing delay. The administrative judge also found that Ms. Sesson could have filed an appeal

before the deadline because she had filed a seven-page safety notice with OSHA two days after the filing deadline for her appeal to the Board. The administrative judge explained that Ms. Sesson's OSHA filing specifically challenged her removal and "present[ed] no indicia that the appellant's ability to file a timely Board appeal was impaired."

The administrative judge next addressed Ms. Sesson's argument that she misunderstood the agency's decision letter. Because none of the events relied on by Ms. Sesson involved an agreement in writing to resolve the dispute through an alternative dispute resolution process, the administrative judge found that the 30-day filing extension did not apply to Ms. Sesson's appeal. Additionally, the administrative judge found that Ms. Sesson's assertion that she misunderstood the letter lacked credibility and therefore did not weigh in favor of a finding of good cause.

Finally, the administrative judge ruled that the Board lacked jurisdiction over her restoration appeal and her allegations of reprisal for whistleblowing. In addition, the administrative judge noted that Ms. Sesson had withdrawn her "negative suitability" appeal.

Ms. Sesson filed a petition for review with the full Board. Her petition included documents from OSHA to support her claim that the air quality at her workplace was inadequate. Finding that Ms. Sesson had not submitted significant new evidence and finding no error in the administrative judge's findings, the Board denied review. Ms. Sesson now seeks review by this court.

Ms. Sesson raises two issues on appeal. She argues that the Board failed to properly consider her request for family support counseling as affecting the timeliness of her appeal. In addition, she argues that the Board failed to recognize as new evidence the reports from OSHA regarding the air quality in her workplace.

First, the Board committed no error in finding that Ms. Sesson's request for family support counseling did not extend her filing deadline for an additional 30 days. The agency's decision letter provided a correct statement of the Board's regulation permitting a 30-day filing extension when "an appellant and an agency mutually agree in writing to attempt to resolve their dispute through an alternative dispute resolution process." 5 C.F.R. § 1201.22(b). Because Ms. Sesson's request for family support counseling does not constitute an agreement in writing to pursue alternative dispute resolution, the Board correctly determined that the 30-day filing extension did not apply to Ms. Sesson's appeal. If the administrative judge had found that Ms. Sesson genuinely believed that she had more time to file her appeal, then a finding of good cause might have been appropriate. The administrative judge, however, found Ms. Sesson's statement to lack credibility and concluded that it was "highly unlikely that the appellant genuinely held this alleged misinterpretation at the time the agency issued its removal decision." Moreover, the administrative judge concluded that the "alleged reasons for believing she had a 60-day time limit for filing her appeal are unreasonable." On appeal, Ms. Sesson has not provided any reasons that would warrant a reversal of the Board's credibility determination. See Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986) (credibility determinations are "virtually unreviewable"). Nor has

she demonstrated that the administrative judge was wrong in finding that it would have been unreasonable for her to have believed she had 60 days to file her appeal.

The Board also did not fail to consider the air quality reports from OSHA, which Ms. Sesson attached to her petition for review. Under the Board's regulations, a petition for review may be granted when "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d)(1). The OSHA documents, however, are not relevant to the administrative judge's conclusion that Ms. Sesson failed to make a showing of good cause for her filing delay. Ms. Sesson may have been trying to add support to her claim of whistleblower reprisal. The administrative judge, however, noted that Ms. Sesson had alleged reprisal as part of her removal appeal but determined that the Board lacked jurisdiction over that appeal because of untimeliness. The administrative judge also determined that the Board did not have jurisdiction over Ms. Sesson's reprisal claim as an individual right of action (IRA) appeal because she had not offered evidence that she had exhausted her administrative remedies by seeking corrective action from the Office of Special Counsel. Because Ms. Sesson made no such showing, the administrative judge correctly concluded that the Board lacked jurisdiction over her IRA appeal. See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The air quality reports are not relevant to that conclusion. We therefore hold that the Board did not err in finding that the OSHA reports did not constitute new and material evidence.

The Board also committed no error in finding that it lacked jurisdiction over Ms. Sesson's restoration appeal. The second order to show cause explained to Ms. Sesson the requirements for establishing the Board's jurisdiction over a restoration appeal.

Among other jurisdictional requirements, an appellant seeking restoration based on a complete recovery from a compensable injury must make non-frivolous allegations that "she suffered a compensable injury and that her separation was substantially related to the compensable injury." Norwood v. U.S. Postal Serv., 100 M.S.P.R. 494, 496 (2005). Likewise, an appellant seeking restoration based on a partial recovery from a compensable injury must show that "[s]he was absent from her position due to a compensable injury." Chen v. U.S. Postal Serv., 97 M.S.P.R. 527, 533 (2004). The Board defines "compensable injury" as a condition "that is accepted by the Office of Workers' Compensation Programs (OWCP) as job-related, for which medical monetary benefits are payable from the Employees' Compensation Fund." Id. The Board has stated that an appellant seeking restoration based on recovery from a compensable injury must allege that "the appellant had received compensation for an injury from OWCP." King v. Dep't of the Navy, 90 M.S.P.R. 341, 346 (2001). Nothing in the record indicates that Ms. Sesson received compensation from OWCP during her absences from work. The Board therefore did not commit any error in concluding that it lacked jurisdiction over Ms. Sesson's restoration appeal on the ground that she did not allege that her absences were due to a compensable injury.

Finally, we find no abuse of discretion in the Board's determination that Ms. Sesson's medical evidence did not show good cause for her filing delay. Although Ms. Sesson's medical evidence shows a history of health problems, the Board requires an appellant who asserts a medical condition as the explanation for an untimely filing to "explain how the illness prevented him from timely filing his appeal or a request for an extension of time." Lacy, 78 M.S.P.R. at 437. Ms. Sesson's medical evidence did not

establish that connection. Additionally, although the air quality reports from OSHA might explain some of her medical problems, they were not new evidence that would have filled the gap left by Ms. Sesson's earlier submissions in light of her failure to show how her medical problems prevented her from complying with the Board's filing requirements. We therefore affirm the Board's ruling.